IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL L. GRAHAM, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-09-3803 |
| § | | |
| METROPOLITAN LIFE INSURANCE § | | |
| COMPANY, *et al.*, § | | |
|     Defendants. § | | |

## **MEMORANDUM AND ORDER**

Plaintiff sued Defendants for denying his claim for life insurance benefits he alleges are owed to him as the primary beneficiary of his late brother, Michael S. Graham, under an ERISA[1] policy issued by Defendant Life Insurance Corporation of North America ("LINA"). The case is now before the Court on the Motion to Dismiss [Doc. # 3] filed by LINA and Connecticut General Life Insurance Company ("CGLIC"). Plaintiff Samuel Graham neither filed a response nor requested additional time to respond. Having reviewed the full record and applied governing legal authorities, the Court **grants** the Motion to Dismiss.

LINA seeks dismissal of Plaintiff's claims asserted under the Texas Insurance Code as preempted by ERISA. "It is well settled that ERISA generally preempts state law." *Rivers v. Cent. & Sw. Corp.*, 186 F.3d 681, 683 (5th Cir. 1999) (quoting

---

[1] Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*.

*Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992)); *see also* 29 U.S.C. § 1144(a). Specifically, a state law claim is preempted by ERISA if (1) the insurance policy constitutes an ERISA plan and (2) the state law claim relates to the ERISA plan. *See McNeil v. Time Ins. Co.*, 205 F.3d 179, 189 (5th Cir. 2000); *see also Hernandez v. Jobe Concrete Prods., Inc.*, 282 F.3d 360, 362 n.3 (5th Cir. 2002).

In this case, it is uncontroverted that the life insurance policy at issue is an ERISA plan, provided by ExxonMobil as part of an employee-benefit package for qualified employees. It is equally clear that Plaintiff's state law claims relate to the ERISA plan. Plaintiff is seeking to recover benefits he alleges are owed to him under the terms of the ERISA plan. Plaintiff also seeks damages for Defendants' failure to pay him the benefits to which he claims entitlement. These Texas Insurance Code claims are preempted by ERISA. *See, e.g., Menchaca v. CNA Group Assur. Co.*, 331 F. App'x 298, 304 (5th Cir. Aug. 18, 2009) (citing *Ellis v. Liberty Life Assur. Co.*, 394 F.3d 262, 276-78 (5th Cir. 2004)). Plaintiff's state law claims, therefore, must be dismissed as preempted by ERISA.

CGLIC seeks dismissal of all claims against it because the only surviving claim in this case is an ERISA claim for benefits, and it is not a proper defendant for this claim. Plaintiff makes no factual allegations against CGLIC specifically. The only relief Plaintiff seeks is recovery of benefits under the insurance policy, which is part

of an ERISA plan.[2] The only proper defendants for an ERISA claim are the ERISA Plan, the Plan Administrator, and the Plan Sponsor. *See Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 349 (5th Cir. 2003). Plaintiff does not allege that CGLIC served in any of these capacities.[3] Because Plaintiff has presented no legal or factual basis for a non-ERISA claim against CGLIC, CGLIC is not a proper party and Plaintiff's claims against CGLIC must be dismissed.

Based on the foregoing, it is hereby

**ORDERED** that LINA and CGLIC's Motion to Dismiss [Doc. # 3] is **GRANTED**. All claims against CGLIC are **DISMISSED** and all state law claims against LINA are **DISMISSED**. All other claims remain pending.

SIGNED at Houston, Texas, this **23rd** day of **December, 2009**.

Nancy F. Atlas
United States District Judge

---

[2] Plaintiff also claims damages, "including but not limited to unpaid policy benefits payable for the cost to repair the damages caused by [the] storm." Because this case involves alleged entitlement to the proceeds of a life insurance policy, this allegations appears to be in error.

[3] CGLIC represents in its Motion to Dismiss that it did not serve in any relevant capacity in connection with the subject ERISA-based life insurance policy.