IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL L. GRAHAM, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3803 |
| | § | |
| METROPOLITAN LIFE INSURANCE | § | |
| COMPANY, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Samuel L. Graham sued Defendants for denying his claim for life insurance benefits he alleges are owed to him as the primary beneficiary of his late brother, Michael S. Graham, under an ERISA[1] policy issued by Defendant Life Insurance Corporation of North America ("LINA"). Michael Graham's son, Tamarious R. Graham ("Intervenor") filed a Petition in Intervention asserting that he, not Plaintiff, is the proper beneficiary of the life insurance benefits due under the ERISA policy. The case is now before the Court on the Motion to Dismiss the Intervenor's claims [Doc. # 16] filed by LINA and Connecticut General Life Insurance Company ("CGLIC"), in which the moving Defendants present the same arguments raised in their Motion to Dismiss [Doc. # 3] similar claims asserted by Plaintiff. Intervenor neither filed a response nor requested additional time to respond.

---

[1] Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*

Having reviewed the full record and applied governing legal authorities, and for the same reasons stated in the Memorandum and Order [Doc. # 17] granting the moving Defendants' Motion to Dismiss certain claims asserted by Plaintiff, the Court **grants** the Motion to Dismiss.

LINA seeks dismissal of Intervenor's claims asserted under the Texas Insurance Code as preempted by ERISA. "It is well settled that ERISA generally preempts state law." *Rivers v. Cent. & Sw. Corp.*, 186 F.3d 681, 683 (5th Cir. 1999) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992)); *see also* 29 U.S.C. § 1144(a). Specifically, a state law claim is preempted by ERISA if (1) the insurance policy constitutes an ERISA plan and (2) the state law claim relates to the ERISA plan. *See McNeil v. Time Ins. Co.*, 205 F.3d 179, 189 (5th Cir. 2000); *see also Hernandez v. Jobe Concrete Prods., Inc.*, 282 F.3d 360, 362 n.3 (5th Cir. 2002).

In this case, it is uncontroverted that the life insurance policy at issue is an ERISA plan, provided by ExxonMobil as part of an employee-benefit package for qualified employees. It is equally clear that Intervenor's state law claims relate to the ERISA plan. Intervenor is seeking to recover benefits he alleges are owed to him under the terms of the ERISA plan. Intervenor also seeks damages for Defendants' failure to pay him the benefits to which he claims entitlement. These Texas Insurance Code claims are preempted by ERISA. *See, e.g., Menchaca v. CNA Group Assur. Co.*,

331 F. App'x 298, 304 (5th Cir. Aug. 18, 2009) (citing *Ellis v. Liberty Life Assur. Co.*, 394 F.3d 262, 276-78 (5th Cir. 2004)). Intervenor's state law claims, therefore, must be dismissed as preempted by ERISA.

CGLIC seeks dismissal of all claims against it because the only surviving claim in this case is an ERISA claim for benefits, and it is not a proper defendant for this claim. Intervenor makes no factual allegations against CGLIC specifically. The only allegations by Intervenor are that he is entitled to the benefits under the insurance policy, which is part of an ERISA plan. The only proper defendants for an ERISA claim are the ERISA Plan, the Plan Administrator, and the Plan Sponsor. *See Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 349 (5th Cir. 2003). Intervenor does not allege that CGLIC served in any of these capacities,[2] and the insurance policy, attached as Exhibit B to the Motion to Dismiss, reflects that it is a LINA policy. Because Intervenor has presented no legal or factual basis for a non-ERISA claim against CGLIC, CGLIC is not a proper party and Intervenor's claims against CGLIC must be dismissed.

Based on the foregoing, it is hereby

---

[2] CGLIC represents in its Motion to Dismiss that it did not serve in any relevant capacity in connection with the subject ERISA-based life insurance policy.

**ORDERED** that LINA and CGLIC's Motion to Dismiss [Doc. # 16] is **GRANTED**. All claims against CGLIC are **DISMISSED** and all state law claims against LINA are **DISMISSED**. All other claims remain pending.

SIGNED at Houston, Texas, this **19th** day of **January, 2010**.

Nancy F. Atlas
United States District Judge